# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-0003V
Filed: May 25, 2017
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| PHYLLIS KOSTURA, | |
| Petitioner, | |
| v. | Damages Decision Based on Proffer; Influenza and Tetanus Vaccinations; Shoulder Injury Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU") |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Franklin John Caldwell, Jr.*, Maglio, Christopher & Toale, Sarasota, FL, for petitioner.
*Debra A. Filteau Begley*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On January 4, 2016, Phyllis Kostura ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that she suffered injuries from the influenza and tetanus vaccinations she received in her left arm on January 15, 2015. Petition at ¶¶ 1-2, 5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 5, 2016, the undersigned issued a ruling on entitlement, finding petitioner entitled to compensation. (ECF No. 13). On May 24, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $90,771.00. (ECF No. 41). In the Proffer, respondent represented that petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

agrees with the proffered award. *Id.* Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $90,771.00 in the form of a check payable to petitioner, Phyllis Kostura.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u><br>
Nora Beth Dorsey<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **PHYLLIS KOSTURA,** | \* | |
| | \* | |
| Petitioner, | \* | **No. 16-003V** |
| | \* | CHIEF SPECIAL MASTER |
| v. | \* | NORA BETH DORSEY |
| | \* | |
| **SECRETARY OF HEALTH AND** | \* | |
| **HUMAN SERVICES**, | \* | |
| | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.    Items of Compensation**

The Court issued a Ruling on Entitlement on April 5, 2016.  Based upon the evidence of record, respondent proffers that petitioner should be awarded $90,771.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

**II.    Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $90,771.00, in the form of a check payable to petitioner.  Petitioner agrees.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

---

[1]    Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

                C. SALVATORE D'ALESSIO
                Acting Director
                Torts Branch, Civil Division

                CATHARINE E. REEVES
                Deputy Director
                Torts Branch, Civil Division

                ALEXIS B. BABCOCK
                Assistant Director
                Torts Branch, Civil Division

                /s/ DEBRA A. FILTEAU BEGLEY
                DEBRA A. FILTEAU BEGLEY
                Trial Attorney
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146
                Benjamin Franklin Station
                Washington, D.C.  20044-0146
                Phone:   (202) 616-4181

Dated:  May 24, 2017